# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BOBBIE SELLERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:09-CV-0079 JVB |
| | ) | |
| NANCY E. BOYER, Judge, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Bobby Sellers submitted a complaint naming six defendants. He alleges that he filed three civil cases in state court, the defendants were involved in dealing with those cases, they failed to follow Indiana Rules of Civil Procedure and normal state court practices and, as a result, judgments were entered against him in those cases. Sellers identifies defendants Nancy Boyer and David Avery as Indiana trial judges and identifies defendants David Arthur and Thomas Quigley as Deputy Attorney Generals who represented defendants in cases he filed in state court. The remaining defendants are Attorney Michael Brown and a John Doe. The complaint does not specifically identify who these defendants are or mention what they did, but there is a suggestion that Mr. Brown may have been an attorney for Wells Fargo and that the John Doe may be a Wells Fargo official. (Compl. at 5.)

Sellers seeks leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune

defendant. 28 U.S.C. §1915(e)(2). Section 1915(e)(2)(B) requires a court to *sua sponte* dismiss a complaint filed *in forma pauperis* at any time if the court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim may be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. ___ (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). A court will view all well-pleaded allegations in a light most favorable to the plaintiff. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

Sellers entitles his complaint as a "tort claim," and states that he brings his complaint pursuant to "Title 42 United States Code § 1986, which provides for damages from those defendants who had knowledge of the violations of plaintiff's civil rights, who had the duty and the ability to prevent it or aid in the prevention of them, and who failed to perform that duty." (Compl. at 3.) A

cause of action under section 1986 "is premised on a violation of section 1985." *Rhodes v. Mabus,* 676 F.Supp. 755, 760 (S.D. Miss. 1987). Section 1986 allows a suit to be brought against persons who are not members of the conspiracy but who are aware of it. *See Hampton v. City of Chicago,* 484 F.2d 602, 610 (7th Cir. 1973) (attempted suit against Mayor and Police Superintendent on theory that they knew of a conspiracy by their subordinates against the plaintiffs). If all defendants are alleged to be members of the conspiracy, then there would appear to be no valid § 1986 claim. Since it appears that Sellers is alleging that all of the named defendants conspired against him, the court will review his claims pursuant to 42 U.S.C. § 1985.

Section 1985(3) deals with racially motivated conspiracies to interfere with civil rights. To state a § 1985(3) claim, a plaintiff must "allege that he was the victim of a conspiracy against him based on some 'class based animus.'" *Malsh v. Austin*, 901 F.Supp. 757, 763-64 (S.D.N.Y. 1995). The "class based animus"'s requirement prevents 1985(3) from being viewed as providing a federal remedy for "all tortuous, conspiratorial interferences with the rights of others." *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971) . "A cause of action under § 1985(3) requires a plaintiff to allege (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws or equal privileges and immunities under the law; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property or a deprivation of a right or privilege of a citizen of the United States." *Traggis v. St. Barbara's Greek Orthodox Church,* 851 F.2d 584, 586-87 (2d Cir. 1988) (citing *Griffin*, 403 U.S. at 102-103).

Sellers does not allege a class based animus on the part of the defendants, which is an indispensable element of a § 1985 claim. *Malsh*, 901 F.Supp. at 763-64. Even giving Sellers the benefit of the inferences to which he is entitled at the pleadings stage, his claim does not meet the

3

pleading requirements of a § 1985(3) complaint.

Moreover, four of the defendants are entitled to immunity from Sellers's damage claims. Sellers alleges that Judges Boyer and Avery presided over the three cases he filed in state court, that they ruled against him in procedural motions and on the merits, and that Judge Avery refused to remove himself as Sellers requested.

Under the doctrine of judicial immunity, judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1980); *Dellenbach v. Letsinger*, 889 F.2d 755, 758 (7th Cir.1989); *Eades v. Sterlinske*, 810 F.2d 723, 725 (7th Cir. 1987). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57 (quoting *Bradley*, 80 U.S 335, 351 (1872)). Furthermore, "[a] judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id*. at 359. Judges are entitled to absolute judicial immunity if their actions meet a two-part test. First, the acts must be within the judge's jurisdiction. Second, these acts must be performed in the judge's judicial capacity. *Dellenbach*, 889 F.2d at 759 (citing *Stump*, 435 U.S. at 356, 360; *Bradley*, 80 U.S. at 351-52).

In his complaint, Sellers argues that Judges Boyer and Avery "went outside their scope of their immunity and they crossed the line, when they cross[] the line and go outside the scope of their immunity[,] everyone of them can be sued personally, individually as a matter of law and they are responsible for all the damages they caused." (Compl. at 2-3). But as Judges presiding over civil cases filed by Sellers, Judges Boyer and Avery had jurisdiction over the complaints and had the

4

authority to enter rulings in those cases. Accordingly, they are entitled to judicial immunity for their judicial acts. *See John*, 897 F.2d at 1392 (test is whether the acts are those normally performed by a judge).

Sellers names Indiana Deputy Attorney Generals Arthur and Quigley as defendants. His complaint against them appears to be that they represented some of the defendants in the cases before Judges Boyer and Avery, and they did not comply with Trial Rule 33(B) and Trial Rule 26(C)(a). (Compl. at 5).

The fact that defendants Arthur and Quigley may not have complied with an Indiana rule of civil procedure neither states a federal claim against them, nor does it suggest that they conspired against Sellers within the meaning of § 1985. But, in any event, these defendants are immune from the sort of damage action Sellers seeks to bring against them. In *Williams v. Goldsmith*, 701 F.2d 603 (7th Cir. 1983), a *pro se* plaintiff sought to initiate a § 1983 suit against county prosecutors, state judges, the Indiana Attorney General, and one of his deputies. The district court dismissed the complaint as frivolous, holding that "all of these defendants," including the "Attorney General of Indiana, and Ronald D. Buckler, his deputy" were "absolutely immune from suit." *Id.* at 604 (citing *Butz v. Economov*, 438 U.S. 478 (1978); *Stump*, 435 U.S. at 349; *Imbler v. Pachtman*, 424 U.S. 409 (1976)). On appeal, the United States Court of Appeals for the Seventh Circuit agreed, stating that "[a]ll the defendants are absolutely immune from suit. Therefore, plaintiff's claim is frivolous." *Id*. As deputy attorney generals for the State of Indiana, defendants Arthur and Quigley are immune from suit for any actions they may have taken in representing their clients in the cases filed by Sellers.

For the foregoing reasons, the court **DENIES** the plaintiff's motion for leave to proceed *in*

*forma pauperis* (DE 2) and **DISMISSES** this cause of action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

SO ORDERED on June 11, 2009.

s/ Joseph S. Van Bokkelen
JOSEPH S. VANBOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION